I.D. 06184818                                                                File No. 4435

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

| | |
|---|---|
| **JANETTE VAN JACOBS f/k/a JANETTE KELNER**, individually and on behalf of other employees similarly situated, | ) ) ) ) |
|                 **Plaintiff,** | ) |
| v. | )    **Case No.** |
| **PAR LOGISTICS, INCORPORATED** and **JAMES VASQUEZ**, individually, | ) ) ) ) |
|                 **Defendants.** | ) |

## COMPLAINT

     **NOW COME** the Plaintiff, JANETTE VAN JACOBS f/k/a JANETTE KELNER, individually and on behalf of other employees similarly situated, by her attorneys, ZANE D. SMITH and ZANE D. SMITH & ASSOCIATES, LTD., and complaining of Defendants, PAR LOGISTICS, INCORPORATED and JAMES VASQUEZ, alleges as follows:

### INTRODUCTION

     1.     This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL'), for Defendants' failure to pay Plaintiff and other similarly situated employees at least the mandated minimum wages for all hours worked and overtime wages for hours worked in excess of forty (40) hours in a workweek.

     2.     Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiff and other similarly situated Plaintiffs their earned and living wages.

     3.     Plaintiffs FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce).

5. This Honorable Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

### Plaintiff

7. Plaintiff resides and is domiciled in Dupage County, Illinois which is in this judicial district.

8. During the course of her employment, the Plaintiff handled goods that moved or that were intended to move in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.,* and the IMWL, 820 ILCS 105/1 *et seq.*

### Defendants

9. Defendant Par Logistics, Incorporated is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(l), engaged in commerce within the meaning of 29 U.S.C.§ 203(s)(l)(A).

10. Based on information and belief, Defendant Par Logistics, Incorporated has

annual gross sales of $500,000.00 or more.

11. Defendant Par Logistics, Incorporated was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

12. Defendant James Vasquez is the owner of Par Logistics, Incorporated and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

13. Defendant James Vasquez was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, and 820 ILCS § 105/3.

14. Upon information and belief, Defendant James Vasquez resides and is domiciled in this judicial district.

15. Upon information and belief, Defendants did not record and preserve employee records in accordance with 29 C.F.R. Part 516.

16. Upon information and belief, a notice of employee rights under the FLSA, with content prescribed by the Wage and Hour Division of the United States Department of Labor, was not posted in a conspicuous place of the workplace as required by the FLSA.

## FACTS

17. Plaintiff worked for Defendant Par Logistics, Incorporated from October 19, 2013 until approximately March 14, 2014.

18. Plaintiff worked as a customer service representative for Defendants.

19. During the course of her employment, Plaintiff's work activities engaged her

3

individually in commerce.

20. During the course of her employment, Plaintiff handled goods that moved in interstate commerce.

21. Defendants set Plaintiff's work schedule as six (6) days a week, Tuesdays to Saturdays from 4:00 a.m. to 12:00 p.m.

22. Plaintiff worked approximately 45 hours per week.

23. Plaintiff did not get lunch breaks.

24. Plaintiff was an hourly employee and her hourly rate was $14.00.

25. Plaintiff was paid by check for all hours worked in a workweek.

26. Plaintiff did not receive overtime wages at time and a half her regular hourly rate despite working more than forty (40) hours per week.

27. Plaintiff was paid her regular hour rate for all time worked in excess of forty (40) hours in a workweek.

28. Plaintiff was not, and at all relevant times has not been, exempt from the minimum wage and overtime provisions of the FLSA and IMWL.

## COUNT I: VIOLATION OF THE FLSA

### Overtime Wages

29. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

30. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

31. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in

excess of forty (40) hours in their individual workweeks.

32. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

33. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

*WHEREFORE*, Defendants deny that Plaintiff is entitled to any judgment or relief in his favor in any amount whatsoever and pray that this Court award Defendant attorney's fees and costs for the defense of this matter.

## COUNT II : VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

### Overtime Wages

34. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

35. This Count arises from Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

36. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks.

37. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

38. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

39. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

40. Defendant's violated the IMWL by failing to pay Plaintiff, overtime wages for all hours worked in individual work weeks.

41. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

*WHEREFORE*, Defendants deny that Plaintiff is entitled to any judgment or relief in his favor in any amount whatsoever and pray that this Court award Defendant attorney's fees and costs for the defense of this matter.

                                          Respectfully submitted,

                                          JANETTE VAN JACOBS

                                          s/ Andre Ordeanu
                                          Andre Ordeanu

ZANE D. SMITH & ASSOCIATES, LTD.
415 N. LaSalle Street - Suite 501
Chicago, IL 60654
(312) 245-0031